**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Case No: 21-CR-161 RBW |
| | : | |
| **DUSTIN THOMPSON,** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' UNOPPOSED MOTION FOR EARLY RETURN OF TRIAL SUBPOENA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(c)

The United States of America, by and through undersigned counsel, respectfully moves this Court for an Order permitting it to issue a subpoena *duces tecum* inviting the subpoenaed entity to produce records prior to trial pursuant to Federal Rule of Criminal Procedure 17(c). The subpoena, a redacted version of which is attached as Exhibit 1, would require Oath Holdings Inc. (Yahoo) to produce records for an email account that the government believes is linked to defendant Dustin Thompson.  The defendant does not oppose this motion.

The subpoena would require the witness to produce the documents at the currently scheduled January 26, 2022 status hearing.  The government requests permission to invite the subpoenaed witness to produce the materials directly to the government in lieu of appearing in Court.  Upon receipt of any documents returned in this fashion, the government will provide copies of the documents to counsel for the defendant. The government further requests permission to grant any necessary extensions of time to the witness for compliance with the subpoena, should such requests be made.

In support of its requests, the government states as follows.

## I.  BACKGROUND

On February 26, 2021, a grand jury returned an indictment charging defendants Dustin Thompson and Robert Lyon with via indictment with Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2) and (2) (Count One); Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count Four) Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2) (Count Five); Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D) (Count Six); and Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G). In addition, each Defendant is charged with one count of Theft of Government Property under 18 U.S.C. § 641 (Counts Two and Three).

The requested subpoena relates to an email account that is the recovery email account of a Google account that was linked to a device used at the U.S. Capitol Building on January 6, 2021.  Records relating to the Google LLC account were produced on September 23, 2021. Those Google records indicate that the phone number associated with that account is the phone number of Dustin Thompson.

## II.  ANALYSIS

Federal Rule of Criminal Procedure 17(c) states that a trial subpoena "may order" the production of "any books, papers, documents, data, or other objects the subpoena designates." The Rule further provides that the Court "may direct" the production of the designated items "in court before trial." This Rule leaves advance production of a response to a document subpoena "to the court's discretion." *United States v. Binh Tango Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (quoting *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)). A party seeking an early-return trial subpoena must show "(1) relevancy;

(2) admissibility; [and] (3) specificity." *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)).

In *Nixon*, 418 U.S. at 699-700, the Supreme Court adopted the Rule 17(c) analysis set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952). Pretrial production under Rule 17(c) is permissible when: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) the application is made in good faith and is not intended as a "fishing expedition."

Here, records from Google LLC indicate that a device associated with the Google account with email address *********420@gmail.com was present within the U.S. Capitol building and its grounds on January 6, 2021. These records have been turned over to the defendants. The requested subpoena seeks subscriber and other information relating to the recovery email associated with that Google account. The subscriber information for this recovery email account is relevant to the identity of the person using the device associated with the Google account. The phone number associated with the Google account is associated with defendant Dustin Thompson.

The proposed subpoena thus meets the requirements for issuance of a Rule 17(c) subpoena. This request is made in good faith for records which will be admissible and relevant to the offenses charged. The information sought will assist the jury in determining the identity of the user of the device that was present at the U.S. Capitol on January 6, 2021. The government requires the records in advance of trial to allow sufficient time to review those

records and seek any additional evidence those records uncover. Further, obtaining the records prior to the date of trial will facilitate the orderly progress of trial by allowing the parties to litigate or resolve any issues of admissibility arising from the document production before trial begins. *See Bowman Dairy Co. v. United States*, 314 U.S. 214, 219-20 (1951) (noting that an early-return trial subpoena serves the function of expediting trial by allowing for examination of the subpoenaed materials before trial begins). Oath Holdings, Inc. will not provide the requested information without a subpoena.

As noted above, Rule 17(c)(1) requires a witness to produce the designated items "in court before trial" and states that "[w]hen the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." The proposed subpoena requires the witness to produce the designated documents at the currently scheduled January 26, 2022 status hearing in this case.

The government requests permission to invite the subpoenaed party to produce the documents to the government electronically in lieu of appearing at the status hearing. A return of the subpoenaed materials directly to the undersigned attorneys, copies of which would then be provided to the defense, would be consistent with current recommended precautions to the current COVID-19 pandemic calling for limited person-to-person contact. Similarly, anticipating that the subpoenaed entity may be facing logistical constraints in timely producing records, the government further requests permission to grant any necessary extensions of time to the witness for compliance with the subpoena, should such requests be made.

### III. CONCLUSION

The government respectfully requests the Court to permit service of the subpoena to obtain records sought by the subpoena attached as Exhibit 1.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

*/s/ William Dreher*
WILLIAM DREHER
D.C. Bar No. 1033828
Assistant United States Attorney (Detailed)
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-4579
william.dreher@usdoj.gov

*/s/ Jennifer M. Rozzoni*
JENNIFER M. ROZZONI
NM Bar No. 14703
Assistant United States Attorney (Detailed)
203 3rd Street, Suite 900
Albuquerque, New Mexico 87102
(505) 350-6818
jennifer.m.rozzoni@usdoj.gov