UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No: 21-CR-161 RBW |
| | : | |
| DUSTIN THOMPSON, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO APPOINT U.S. MARSHALS SERVICE AS PROCESS SERVER**

The United States of America, by and through undersigned counsel, files this response to defendant Dustin Thompson's motion to appoint the U.S. Marshals Service as the process server for subpoenas issued under Federal Rule of Criminal Procedure 17.

The defendant's motion should be denied because it does not explain why the U.S. Marshals should be ordered to serve his subpoenas, when he can have a process server serve them instead. In criminal cases, the U.S. Marshals Service typically "serves subpoenas for the government and for defendants of Public Defendants or Criminal Justice Act (CJA) court-appointed attorneys, if so ordered by the Court." *See* U.S. Marshals Service, *Public Defender's Handbook: Subpoenas* (accessed January 18, 2022), https://www.usmarshals.gov/prisoner/pdhandbooka.htm. For such defendants who demonstrate "an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense," the court "must order" the issuance of the defendant's requested subpoena, and the U.S. Marshals sometimes assist in the service of those subpoenas. Fed. R. Crim. P. 17(b); *see also* LCrR 17.1 (noting that defense counsel can receive such subpoenas without court order for local witnesses).

By contrast, in a case where counsel is privately retained and the defendant is able to

pay the costs of service, the applicable language is found in subsection (d) of Federal Rule of Criminal Procedure 17, which states that "[a] marshal, a deputy marshal, or any nonparty who is at least 18 years old *may* serve a subpoena." Fed. R. Crim. P. 17(d) (emphasis added). "The permissive nature of this language," one district court has observed, "makes clear that ordering the U.S. Marshals to serve a subpoena . . . is within the sound discretion of the Court."[1] *United States v. Bangaroo*, No. 3:15-CR-00174, 2017 WL 4778597, at *2 (M.D. Pa. Oct. 23, 2017). And the court in *Bongaroo* ultimately concluded that ordering the U.S. Marshals to serve a non-indigent defendant's subpoenas was inappropriate when, *inter alia*, the defendant had "failed to explain how ordering the U.S. Marshals to serve the subpoena would materially increase the likelihood of service," given the defendant's inability to serve the witness using a process server. *Id.*

Here, as in *Bongaroo*, the defendant has a ready alternative to service by the U.S. Marshals: service by a process server. At least from his comments after the filing, Mr. Thompson's counsel appears to agree that is at least an alternative option, even if it is not Mr. Thompson's preferred option. *See* F. Khaled, *Capitol Rioter Asks Court to Appoint U.S. Marshals to Subpoena Trump and His Allies*, Newsweek (Jan 8., 2022), https://www.newsweek.com/capitol-rioter-asks-court-appoint-us-marshals-subpoena-trump-his-allies-1667201 (Mr. Thompson's counsel quoted as stating on January 8, 2022 that "one option" for privately retained counsel in a criminal case "would be that we can hire a process server to chase these folks [Trump and his allies] and if the court declined to authorize the marshals to do it, that's what we'll have to do"). The defendant has not

---

[1] The court noted that that conclusion was "in particular" true "where Defendant's counsel has already had a 'non-party' attempt to serve the subpoena." *Bangaroo*, 2017 WL 4778597, at *2.

alleged that he is unable to afford the costs of a process server. Absent any articulable reason why the defendant should not first proceed by attempting to serve any necessary witnesses with a process server, the Court should not take the unusual step of ordering that the U.S. Marshals serve the subpoena instead.[2]

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar No. 481052

                              */s/ William Dreher*
                              WILLIAM DREHER
                              D.C. Bar No. 1033828
                              Assistant United States Attorney (Detailed)
                              700 Stewart Street, Suite 5220
                              Seattle, WA 98101
                              (206) 553-4579
                              william.dreher@usdoj.gov

                              */s/ Jennifer M. Rozzoni*
                              JENNIFER M. ROZZONI
                              NM Bar No. 14703
                              Assistant United States Attorney (Detailed)
                              203 3rd Street, Suite 900
                              Albuquerque, New Mexico 87102
                              (505) 350-6818
                              jennifer.m.rozzoni@usdoj.gov

---

[2] The defendant's motion states that these witnesses were "involved in the planning and execution of the attempt to disrupt the certification of the 2020 presidential election," Dkt. 44 at 2, but does not explain how testimony from such witnesses would be relevant to the charges against this particular defendant. At least for subpoenas served locally and sought by attorneys appointed under the Criminal Justice Act or who are public defenders, this Court typically accepts the attorney's certification that a witness subpoena is necessary to an adequate defense. *See* LCrR 17.1. The government, however, reserves the right to file appropriate motions to preclude defenses, like entrapment by estoppel or public authority, in this case. The resolution of such a motion may obviate the need for testimony from these witnesses.