UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                            )  Criminal Action No. 21-161 (RBW)<br>)<br>DUSTIN BYRON THOMPSON and )<br>ROBERT LYON,                              )<br>)<br>          Defendants.                  )<br>_____ ) | |

### PRE-TRIAL SCHEDULING ORDER

In accordance with the oral rulings issued by the Court at the status hearing held on January 26, 2022, along with the General Order Governing Criminal Cases Before the Honorable Reggie B. Walton (Apr. 5, 2021), ECF No. 16 (the "General Order"), it is hereby

**ORDERED** that, in light of the fact that the defendant Dustin Byron Thompson's counsel acknowledged that the defendant Thompson cannot demonstrate that he does not have the financial means to retain the services of a private process server to serve subpoenas on the putative witnesses identified in the defendant Thompson's motion, the Defendant's Motion to Appoint U.S. Marshals Service as Process Server, ECF No. 44, is **DENIED**.[1] It is further

**ORDERED** that (1) on or before February 4, 2022, the defendant Thompson shall file his submission regarding the theory of his defense that would be supported by the testimony of the putative witnesses identified in his motion; (2) on or before February 18, 2022, the government

---

[1] The defendant Thompson's speculative position that the United States Marshals Service will have potentially greater success serving the individuals he desires to testify is insufficient cause to require that the Marshals Service utilize its already overburdened resources to attempt service of the subpoenas identified by the defendant Thompson. The Court notes, however, that even if the defendant Thompson's process server is able to successfully serve the putative witnesses, the Court has reserved its ruling on whether the presentation of the testimony or recordings of what the putative witnesses said prior to the acts the defendant Thompson is accused of committing will be deemed admissible.

shall file its opposition to the defendant Thompson's motion; and (3) on or before February 26, 2022, the defendant Thompson shall file his reply in support of his motion.[2] It is further

**ORDERED** that the parties shall file their (1) motions in limine, if any, on or before February 4, 2022; (2) oppositions to any such motions on or before February 18, 2022; and (3) replies in support of any such motions on or before February 26, 2022. It is further

**ORDERED** that the parties shall appear before the Court for a pretrial conference on March 23, 2022, at 10:30 a.m., via videoconference. It is further

**ORDERED** that the government shall provide the defendants with notice of any evidence of other crimes it intends to use during the trial of this case pursuant to Federal Rule of Evidence 404(b) or evidence of prior convictions it intends to use for impeachment purposes, if the defendants decide to testify, on or before February 4, 2022, and any opposition to such notices shall be provided to the government on or before February 18, 2022. It is further

**ORDERED** that the government is reminded that it has an ongoing obligation to produce forthwith to the defendants any Brady/Giglio evidence of which the government becomes aware. The government shall also produce to the defendants any Jencks Act material sufficiently in advance of a witness's cross-examination so as not to cause delay. It is further

**ORDERED** that the government shall produce to the defendants information regarding its expert(s) and any potential impeachment evidence related to the law enforcement officers involved in this case as soon as practicable after it becomes available. It is further

**ORDERED** that the parties shall meet and confer as soon as possible and thereafter submit their joint proposed voir dire questions, jury instructions, and verdict forms on or before

---

[2] The Court agrees with the defendant Thompson's counsel's position that if the Court concludes that evidence regarding what the putative witnesses said prior to the acts the defendant Thompson is accused of committing is admissible, then it will be left to counsel's and the defendant Thompson's discretion as to the manner in which the evidence should be submitted to the factfinder.

2

February 26, 2022. If agreement cannot be reached on any matters relevant to the voir dire questions, jury instructions, or verdict forms, the parties shall provide separate submissions as to only those matters on which the parties cannot agree. It is further

**ORDERED** that the Court will empanel two alternate jurors. For the jury selection process, the defendants will have ten peremptory challenges against the potential regular jurors and two peremptory challenges against the potential alternate jurors for a total of twelve peremptory challenges. The government will have six peremptory challenges against the potential regular jurors and two peremptory challenges against the potential alternate jurors for a total of eight peremptory challenges. It is further

**ORDERED** that the Court will permit jurors to ask questions as delineated in the Court's General Order. See General Order Governing Criminal Cases Before the Honorable Reggie B. Walton at 8–9 (Apr. 5, 2021), ECF No. 16. It is further

**ORDERED** that jury selection and trial of this case shall commence on April 11, 2022, at 9:30 a.m.

**SO ORDERED** this 27th day of January, 2022.

/s/ Reggie B. Walton
REGGIE B. WALTON
United States District Judge