**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   : | |
| : | CASE NO. 21-CR-161 RBW |
| Plaintiff,   : | |
| : | |
| v.   : | |
| : | |
| DUSTIN BYRON THOMPSON,   : | |
| : | |
| Defendant.   : | |

### BRIEF IN SUPPORT OF TESTIMONY OF DONALD J. TRUMP, ET AL.

Defendant Dustin Byron Thompson, through undersigned counsel, respectfully submits the following Brief pursuant to the Court's Pre-Trial Scheduling Order filed on January 27, 2022.

          Respectfully submitted,

          /s/ Samuel H. Shamansky_____
          **SAMUEL H. SHAMANSKY CO., L.P.A.**

          Samuel H. Shamansky (OH0048)
          523 South Third Street
          Columbus, Ohio 43215
          P: (614) 242-3939
          F: (614) 242-3999
          shamanskyco@gmail.com

          Counsel for Defendant

**MEMORANDUM**

On January 7, 2022, Defendant filed a Motion for Appointment of U.S. Marshals Service as Process Server, in which he moved the Court for an Order directing the Marshals to serve subpoenas on certain parties. (Doc. 44). This request was predicated upon the anticipated difficulties that private process servers will likely face given the identity and security measures surrounding these individuals, who include former president Donald J. Trump and other conspirators who were directly involved in the "Save America" rally. On January 27, 2022, the Court denied that request. See, Pre-Trial Scheduling Order. (Doc. 51)

In addition to denying the Motion, the Court's Scheduling Order directed Defendant to provide an explanation as to the admissibility of the subpoenaed individuals' testimony. As set forth under Fed. Evid. R. 402, relevant evidence is admissible unless the United States Constitution, federal statute, the Federal Rules of Evidence, or some other rule of the Supreme Court of the United States provides otherwise. Evidence is relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence, and (2) the fact is of consequence in determining the action. Fed. Evid. R. 401.

Defendant submits that the individuals he seeks to subpoena are in exclusive possession of information relevant to this case. Moreover, their testimony is necessary to ensure that Defendant's constitutional right to present a complete defense is safeguarded. As reflected by his recently filed Notice of Public Authority Defense (Doc. 52), Defendant intends to assert a defense of actual or believed exercise of authority on behalf of the Executive Branch of the United States Government.

There are essentially three versions of the public authority defense upon which Defendant could rely. First, Defendant may raise, as an affirmative defense, that he knowingly committed a criminal act but did so in reasonable reliance upon a grant of authority from a government official

to engage in the illegal activity. The validity of this defense depends upon whether the government official did, in fact, have authority to empower the defendant to perform the acts in question. *United States v. Valentine*, No. 94-6195, 1995 WL 390322, at *5 (6th Cir. June 30, 1995) (unpublished), citing *United States v. Burrows*, 36 F.3d 875, 881-82 (9th Cir. 1994), *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368 n. 18 (11th Cir. 1994), *United States v. Holmquist*, 36 F.3d 154, 161 & nn.6-7 (1st Cir.), cert. denied, 115 S. Ct. 1797 (1995).

Second, Defendant could assert an affirmative defense of "entrapment by estoppel," which applies where a government official tells an individual that certain conduct is legal and, in reasonable reliance on that representation, they commit what would otherwise be a crime. *Id.*

Third, Defendant could argue that he honestly believed he was performing the otherwise criminal acts in cooperation with the government. *Id*. Though not an affirmative defense, such an argument would undermine the government's burden of proof relative to criminal intent.

It is anticipated that, when called as a witness, Donald J. Trump will testify that he and others orchestrated a carefully crafted plot to call into question the integrity of the 2020 presidential election and the validity of President Biden's victory. Moreover, it will be established at trial that Mr. Trump and his conspirators engaged in a concerted effort to deceive the public, including Defendant, into believing that American democracy was at stake if Congress was permitted to certify the election results.

In concert with Mr. Trump's agenda, Mr. Giuliani incited Defendant and others by encouraging them to engage in "trial by combat." Mr. Trump further provoked Defendant and other rally participants by stating that "we're going to walk down – and I'll be there with you," and "if you don't fight like hell, you're not going to have a country anymore." Defendant anticipates additional relevant testimony to be elicited from the other subpoenaed individuals.

3

Defendant submits that the testimony of Mr. Trump and his conspirators will establish that they were determined, by any means necessary, to prevent Congress from fulfilling its constitutional mandate to certify the election results. In order to accomplish that goal, the conspirators Defendant now seeks to subpoena engaged in a concerted effort to organize, encourage, and direct rally participants to storm the Capitol, enter the grounds, "fight like hell," and "engage in trial by combat."

The United States Department of Justice has expressly recognized that "[i]t cannot be seriously disputed that a defendant should have the opportunity to assert a *fact-based* defense that someone in the government asked him/her to commit the crimes in the indictment for political, diplomatic, or any other reason he cares to offer." United States Department of Justice Criminal Resource Manual 2055, Public Authority Defense. With respect to the Court's reserved ruling as to admissibility, it is hard to imagine a more striking example than the President of the United States directly instructing an individual to engage in the precise conduct for which he is later indicted. Accordingly, Defendant respectfully submits that the testimony of the subpoenaed witnesses is necessary to present a complete defense as guaranteed by the United States Constitution.

    Respectfully submitted,

    /s/ Samuel H. Shamansky_____
    **SAMUEL H. SHAMANSKY CO., L.P.A.**

    Samuel H. Shamansky (OH0048)
    523 South Third Street
    Columbus, Ohio 43215
    P: (614) 242-3939
    F: (614) 242-3999
    shamanskyco@gmail.com

    Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which will send notification of the filing to Assistant United States Attorneys William Dreher, 700 Stewart Street, Suite 5220, Seattle, WA 98101, and Jennifer M. Rozzoni, 203 3rd Street, Suite 900, Albuquerque, NM 87102, on February 4, 2022. An additional copy has been delivered via electronic mail.

/s/ Samuel H. Shamansky_____
SAMUEL H. SHAMANSKY