IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | |
| : | Case No: 21-CR-161 RBW |
| : | |
| DUSTIN THOMPSON and : | |
| ROBERT LYON   : | |
| : | |
| Defendants.  : | |

**UNITED STATES' OMNIBUS MOTION IN LIMINE AND INCORPORATED MEMORANDUM IN SUPPORT**

The United States hereby moves the Court to order Defendants, their counsel, and their witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, concerning the following matters:[1]

### I. ALIBI DEFENSE

Rule 12.1, Federal Rules of Criminal Procedure, enables the United States to request in writing that a defendant disclose prior to trial whether he or she intends to present an alibi defense. If the United States makes such a written request, the defendant has ten days in which to serve written notice on the United States stating the specific place where a defendant claims he

---

[1] There are other issues that the government has not raised via motions in limine at this time because the parties appear to have agreed on a series of stipulations that would obviate the need for those motions, and are working toward finalizing and filing those stipulations. For example, in other Capitol riot cases, the government has or will file a motion to limit cross-examination of United States Secret Service officers, should the government call such officers to testify to the location of the Vice President on January 6, 2021. *See, e.g. United States v. Griffin*, 21-cr-92, Dkt. 72 (D.D.C. filed Jan. 18, 2022). The government's understanding is that defendant Dustin Thompson intends to stipulate to the location of the Vice President, obviating the need for such a motion. In addition, the government is not filing motions in limine to preclude the defenses raised in Thompson's filing today (*see* Dkt. 53), as it understands the Court will rule separately on the admissibility of argument or evidence in support of those defenses in response to Thompson's filing.

or she was at the time of the offense and the names and addresses of the witnesses on whom he or she intends to rely.  *See* Fed. R. Crim. P. 12.1.

On April 30, 2021, the United States transmitted a written request for notice of alibi defense to Defendants' counsel via electronic mail.  Under Rule 12.1, Defendants had until May 10, 2021, to comply with the Rule's demands.  Defendants have not done so, and counsel for Mr. Thompson has stated that this case is not a "whodunit."  Consequently, the United States requests that the Court order Defendants, their counsel, and their witnesses to refrain from presenting evidence on—or mentioning—an alibi defense.

## II. INSANITY DEFENSE

Rule 12.2, Federal Rules of Criminal Procedure, provides that a defendant who intends to assert a defense of insanity at the time of an alleged offense must notify counsel for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. If the defendant fails to do so, he or she may not rely on an insanity defense.  *See* Fed. R. Crim. P. 12.2.

The United States requests that the Court set February 18, 2022 as the date for Defendants to file a notice of any claimed defense of insanity and, if Defendants do not file such notice by that date, that the Court order Defendants, their counsel, and their witnesses to refrain from presenting evidence on—or mentioning—a claim of insanity.

## III. POTENTIAL SENTENCE

The Defendants face a seven-count indictment that includes one felony count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2).  A conviction on the felony count would result in a sentence of up to 20 years' imprisonment; convictions on the other counts would carry lesser maximum penalties.  The defense should be precluded from informing

the jury—through argument, evidence, questioning, or otherwise—of the potential punishment associated with the counts with which the defendant is charged.

As the Supreme Court has held, the "jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975). "[This] principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). As a corollary to these principles, jurors generally "are not informed of mandatory minimum or maximum sentences." *Id.* at 586.

For these reasons, the Court regularly instructs juries that the sentencing consequences of a guilty verdict are not relevant to a jury's deliberations about whether the United States has proven the elements of the crime beyond a reasonable doubt. *See*, e.g., 1 Criminal Jury Instructions for DC Instruction 2.505 (2021). Indeed, this Court's General Order Governing Criminal Cases prohibits "any statements" in closing argument "regarding the consequences of the jury verdict, including . . . the potential punishment for the crime." *General Order Governing Criminal Cases Before the Honorable Reggie B. Walton* at 14. The United States requests that the Court order Defendants, their counsel, and their witnesses to refrain from

presenting evidence on—or mentioning in argument or questions—the potential consequences of a guilty verdict.

### IV.     JURY NULLIFICATION

This Court should also preclude the Defendant or defense counsel from arguing in a manner that encourages jury nullification, whether during *voir dire* or during trial.  A defendant cannot introduce arguments or non-relevant evidence that encourages jury nullification.  As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

As but one illustrative example that might arise in these prosecutions, a defendant could argue that other individuals bear greater responsibility for the events of January 6, 2021, or should be on trial in the defendant's place.  But even if true, those considerations would not be relevant to the only question the jury must answer in this case: whether the *defendant* is guilty beyond a reasonable doubt of the crimes alleged in the indictment.  The introduction of that argument, or even the implication of it, can thus only be intended to suggest nullification to the jury.  It, and other arguments suggesting nullification, should be prohibited.

* * *

WHEREFORE, the United States respectfully requests that the Court grant this motion and order Defendants, their counsel, and their witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about any alibi defense, the sentencing consequences of a guilty verdict, or any other nullification argument. It further requests that this Court set February 18, 2022 as the deadline for Defendants to give notice of an insanity defense, and if they fail to provide such notice, that it order Defendants, their counsel, and their witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about any insanity defense.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

        */s/ William Dreher*
        WILLIAM DREHER
        D.C. Bar No. 1033828
        Assistant United States Attorney (Detailed)
        700 Stewart Street, Suite 5220
        Seattle, WA 98101
        (206) 553-4579
        william.dreher@usdoj.gov

        */s/ Jennifer M. Rozzoni*
        JENNIFER M. ROZZONI
        NM Bar No. 14703
        Assistant United States Attorney (Detailed)
        203 3rd Street, Suite 900
        Albuquerque, New Mexico 87102
        (505) 350-6818
        jennifer.m.rozzoni@usdoj.gov