**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Case No: 21-CR-161 RBW** |
| | **:** | |
| **DUSTIN THOMPSON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's January 27, 2022, minute order, the parties hereby jointly propose the following preliminary and final jury instructions, subject to issues that arise during trial. Defendant reserves the right to submit instructions regarding the public authority defense and any other instruction consistent with lack of mens rea, or avoidance, provided such evidence is permitted to be presented and is adduced at trial.

**I.      Preliminary Instructions [in addition to the Court's standard preliminary instructions]**

1.  Definitions: Stipulation of Fact, Redbook 1.103(A) [see proposal below]

**II.     Final Instructions**

1.  Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.  Function of the Court, Redbook 2.101

3.  Function of the Jury, Redbook 2.102

4.  Jury's Recollection Controls, Redbook 2.103

5.  Evidence in the Case, Redbook 2.104

6.  Statements of Counsel, Redbook 2.105

1

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not To Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 [if applicable after trial]

17. Count One, Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2)

    [see proposal below]

    a. Elements

    b. "Official Proceeding"

    c. "Corruptly"

    d. Attempt

    e. Aiding and Abetting

18. Count Two, Theft of United States Government Property in violation of 18 U.S.C. § 641,

    Redbook 5.351 [see proposal below]

    a. Elements

19. Count Three, Entering or Remaining in a Restricted Building or Grounds in violation of

    18 U.S.C. § 1752(a)(1) [see proposal below]

    a. Elements

      b.   "Restricted Building or Grounds"

      c.   "Knowingly"

20. Count Four, Disorderly or Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2) [see proposal below]

      a.   Elements

      b.   "Disorderly or Disruptive Conduct"

21. Count Five, Disorderly or Disruptive Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

      a.   Elements

      b.   "Willfully"

      c.   "Orderly Conduct of a Session of Congress"

22. Count Six, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

      a.   Elements

23. Other Crimes Evidence, Redbook 2.321(B) [see proposal below]

24. Proof of State of Mind, Redbook 3.101

25. Multiple Counts – One Defendant, Redbook 2.402

26. Unanimity—General, Redbook 2.405

27. Verdict Form Explanation, Redbook 2.407

28. Redacted Documents and Tapes, Redbook 2.500

29. Exhibits During Deliberations, Redbook 2.501

30. Selection of Foreperson, Redbook 2.502

31. Possible Punishment Not Relevant, Redbook 2.505

32. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

33. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

34. Excusing Alternate Jurors, Redbook 2.511

## **STIPULATION OF FACT**
(Instruction 1.103(A))

The government and the defendant may stipulate—that is, agree—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

## OBSTRUCTION OF AN OFFICIAL PROCEEDING - ELEMENTS
(18 U.S.C. § 1512(c)(2); Seventh Circuit Pattern Criminal Jury Instructions)

Count One of the indictment charges Dustin Thompson with corruptly obstructing an official proceeding, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede any official proceeding.

Second, the defendant acted corruptly.


The government must prove beyond a reasonable doubt only that the defendant attempted to or did either obstruct or impede an official proceeding.  The government does not need to prove that the defendant did both of those things.  You must unanimously agree either that the defendant obstructed an official proceeding, or that he impeded an official proceeding, or that he did both.

If you find that the government has proved beyond a reasonable doubt all of the elements of this charge, as I have just instructed you, the defendant's motive in acting is not relevant.

## OBSTRUCTION OF AN OFFICIAL PROCEEDING – "OFFICIAL PROCEEDING"
### (18 U.S.C. § 1515(a)(1)(B); Seventh Circuit Pattern Criminal Jury Instructions)

The term "official proceeding" includes a proceeding before the Congress.   As used in Count One, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

An official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant and that the natural and probable effect of the defendant's conduct was to obstruct the official proceeding.

### OBSTRUCTION OF AN OFFICIAL PROCEEDING – "CORRUPTLY"

(Seventh Circuit Pattern Criminal Jury Instructions; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North,* 910 F.2d 843, 883 (D.C. Cir. 1990) *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990))

"Corruptly" means knowingly, with intent to obstruct or impede an official proceeding, and with consciousness of wrongdoing. To act corruptly, the defendant must use unlawful means or act with an unlawful purpose, or both. "Consciousness of wrongdoing" means an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

### OBSTRUCTION OF AN OFFICIAL PROCEEDING – ATTEMPT
(Redbook 7.101; Seventh Circuit Pattern Criminal Jury Instructions; Third Circuit Pattern Jury
Instructions 7.01)

In Count One, Dustin Thompson is charged with attempt to commit the crime of obstructing an official proceeding.  The elements of the crime of attempted obstruction of an official proceeding, each of which the government must prove beyond a reasonable doubt, are that:

First, the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, the defendant engaged in conduct that constituted a substantial step toward committing obstruction of an official proceeding, as I have defined that offense above.

You may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**OBSTRUCTION OF AN OFFICIAL PROCEEDING – AIDING AND ABETTING**
(Redbook 3.200; 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02)

You may find Dustin Thompson guilty of the crime charged in the indictment without finding that s/he personally committed each of the acts that make up the crime or that s/he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

In this case, the government alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count One.  In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following four requirements:

First, others committed obstruction or attempted obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions.

Second, that the defendant knew that obstruction or attempted obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed some act or acts in furtherance of the offense charged.

Fourth, that the defendant knowingly performed the act or acts for purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least

encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter.  Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt, unless his mere physical presence is intended to help in the commission of the crime. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

**THEFT OF UNITED STATES GOVERNMENT PROPERTY – ELEMENTS**
(Redbook 5.351)

Count Two of the indictment charges Dustin Thompson with theft of United States government property, which is a violation of federal law.  The elements of the offense of theft of United States government property, each of which the government must prove beyond a reasonable doubt, are that:

First, the defendant took a coat rack.

Second, the coat rack belonged to the United States at the time it was taken.

Third, when the defendant took the coat rack he intended to deprive, without right, the owner of the use or benefit of the coat rack.

## <u>ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS –</u>
## <u>ELEMENTS</u>
(18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021))

Count Three of the indictment charges Dustin Thompson with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.


The government must prove beyond a reasonable doubt only that the defendant either knowingly and willfully entered, or knowingly and willfully remained in, a restricted building or grounds without lawful authority, not that the defendant did both.  You must unanimously agree on which of those things the defendant did.

14

## <u>ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS – "RESTRICTED BUILDING OR GROUNDS"</u>
### (18 U.S.C. § 1752(c); 18 U.S.C. § 3056)

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS – "KNOWINGLY"

(Third Circuit Model Jury Instruction, Criminal, 5.02 ("Knowingly"))

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

## **DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – ELEMENTS**
### (18 U.S.C. § 1752)

Count Four of the indictment charges Dustin Thompson with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct.

Second, the defendant did so knowingly and with intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct was in a restricted building or grounds.

Fourth, the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.


The government must prove beyond a reasonable doubt only that the defendant engaged in either disorderly or disruptive conduct, not that the defendant engaged in both.  You must unanimously agree on which of those things the defendant did.

Similarly, to find the defendant guilty, you must unanimously agree that the defendant either intended to impede or intended to disrupt the orderly conduct of Government business or official functions.  But the government does not need to prove that the defendant intended both of those things.

17

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – "DISORDERLY OR DISRUPTIVE CONDUCT"
(Adapted from Redbook 6.643)

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

## DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING – ELEMENTS
### (40 U.S.C. § 5104)

Count Five of the indictment charges Dustin Thompson with disorderly or disruptive conduct in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant was inside the United States Capitol Building.

Second, the defendant uttered loud, threatening, or abusive language, or engaged in disorderly or disruptive conduct.

Third, the defendant acted with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

The government must prove beyond a reasonable doubt only that the defendant did one of the following: uttered loud language, uttered threatening language, uttered abusive language, engaged in disorderly conduct, or engaged in disruptive conduct. You must unanimously agree on which of those things the defendant did.

Similarly, to find the defendant guilty, you must unanimously agree either that the defendant intended to impede, or intended to disrupt, or intended to disturb, the orderly conduct of a session of Congress or either House of Congress. But the government does not need to prove that the defendant intended all of those things.

The government is not required to prove that the defendant actually impeded, disrupted, or disturbed the orderly conduct of a session.

### DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING – "WILLFULLY"
(Third Circuit Model Jury Instruction, Criminal, 5.05 ("Willfully"))

A defendant acts "willfully" if he knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

## <u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –</u>
## <u>"ORDERLY CONDUCT OF A SESSION OF CONGRESS"</u>

I instruct you that, for purposes of Count Five, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.

## <u>PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING –<br>ELEMENTS</u>

(40 U.S.C. § 5104; *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000))

Count Six of the indictment charges Dustin Thompson with parading, demonstrating, or picketing in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, the defendant was inside the United States Capitol Building.

Second, the defendant paraded, demonstrated, or picketed.

Third, the defendant acted willfully and knowingly.


The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The government must prove beyond a reasonable doubt only that the defendant either paraded, demonstrated, or picketed. You must unanimously agree on which of those things the defendant did.

## OTHER CRIMES EVIDENCE: INTENT, ABSENCE OF MISTAKE, ACCIDENT, OR KNOWLEDGE
(Redbook 2.321(B))

You have heard evidence that Dustin Thompson was arrested for trespassing in an Ohio state park in June 2020, and that he later paid a fine and wrote a letter of apology as part of a pretrial diversion program. It is up to you to decide whether to accept that evidence.

If you find that those things did occur, you may use this evidence only for the limited purpose of determining whether the government has proved beyond a reasonable doubt that Dustin Thompson acted knowingly and on purpose, and not by mistake or by accident, when he entered or remained in a restricted building or grounds without lawful authority to do so on January 6, 2021, or when he engaged in disorderly or disruptive conduct, or paraded, demonstrated, or picketed, in the U.S. Capitol Building on January 6, 2021.

You may not use this evidence for any other purpose. Dustin Thompson is only on trial for the crimes charged. Dustin Thompson is not charged in this case with any offense relating to trespassing in an Ohio state park in June 2020, and you may not use this evidence to conclude that he has a bad character, or that he has a criminal personality. The law does not allow you to convict Dustin Thompson simply because you believe he may have done bad things not specifically charged as crimes in this case.