**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : CASE NO. 21-CR-161 RBW |
| v. | : |
| DUSTIN BYRON THOMPSON, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINE*** 

Defendant Dustin Byron Thompson, through undersigned counsel and pursuant to the Court's Orders of January 27, 2022 (Doc. 51) and February 25, 2022 (Doc. 60), respectfully submits the following response to the government's motions *in limine*.

Respectfully submitted,

/s/ Samuel H. Shamansky_____
**SAMUEL H. SHAMANSKY CO., L.P.A.**

Samuel H. Shamansky (OH0048)
523 South Third Street
Columbus, Ohio 43215
P: (614) 242-3939
F: (614) 242-3999
shamanskyco@gmail.com

Counsel for Defendant

## RESPONSE

The government has requested that Defendant be prohibited from eliciting evidence or making arguments pertaining to certain defenses, (Doc. 54), and sought leave to present certain evidence that might be admissible for a limited purpose under Fed. Evid. R. 404(b). (Doc. 55). Defendant does not generally oppose the requested preliminary rulings and therefore did not file a memorandum in opposition. However, given the Court's recent Order, he will clarify his position.

### Motions *In Limine*

While neither the Federal Rules of Criminal Procedure nor the Federal Rules of Evidence expressly provide for motions *in limine*, the Court may allow such motions "pursuant to the district court's authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). The purpose of allowing these motions is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011). Such rulings are preliminary in nature and may be revisited at any time; as such, "in some instances it is best to defer rulings until trial, [when] decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Casares v. Bernal*, 790 F.Supp.2d 769, 775 (N.D.Ill. 2011); see also, *Luce*, 469 U.S., at 41-42

### Defenses

The government contends that Defendant has provided no notice of either an alibi or insanity defense, and further asserts that any arguments to the jury pertaining to potential sentences or soliciting nullification are inappropriate as a matter of law. Defendant does not dispute these claims, nor does he intend to assert any such arguments at trial. As such, he does not oppose a preliminary order to that effect.

**Other Acts Evidence**

Defendant does not concede that the "other acts" evidence referenced by the government will necessarily be admissible at trial, nor that his "knowledge" as to the illegality of trespassing is relevant. However, he does acknowledge that this evidence could potentially be relevant as to an absence of mistake. As such, Defendant does not oppose a preliminary order but does reserve the right to readdress "other acts" evidence at trial after its probative value, or lack thereof, is better established.

Respectfully submitted,

/s/ Samuel H. Shamansky_____
**SAMUEL H. SHAMANSKY CO., L.P.A.**

Samuel H. Shamansky (OH0048)
523 South Third Street
Columbus, Ohio 43215
P: (614) 242-3939
F: (614) 242-3999
shamanskyco@gmail.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which will send notification of the filing to Assistant United States Attorneys William Dreher, 700 Stewart Street, Suite 5220, Seattle, WA 98101, and Jennifer M. Rozzoni, 203 3rd Street, Suite 900, Albuquerque, NM 87102, on February 28, 2022. An additional copy has been delivered via electronic mail.

/s/ Samuel H. Shamansky_____
SAMUEL H. SHAMANSKY
