UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 21-161-1 (RBW) |
| ) | |
| DUSTIN BYRON THOMPSON, ) | |
| ) | |
| Defendant. ) | |

### ORDER

In accordance with the oral rulings issued by the Court at the pre-trial conference held on March 23, 2022, via videoconference, it is hereby

**ORDERED** that, on April 6, 2022, at 11:00 a.m., the parties shall appear before the Court for a further pre-trial conference, via videoconference. It is further

**ORDERED** that the United States' Omnibus Motion in Limine, ECF No. 54, is **GRANTED** as conceded. It is therefore further

**ORDERED** that the defendant, defense counsel, and the defendant's witnesses shall refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about (1) any alibi defense, (2) any insanity defense, (3) the sentencing consequences of a guilty verdict, or (4) any jury nullification argument. It is further

**ORDERED** that the Government's Motion in Limine to Admit Evidence under Federal Rule of Evidence 404(b), ECF No. 55, is **GRANTED IN PART, HELD IN ABEYANCE IN PART, AND DENIED IN PART**. The motion is **GRANTED** as to (1) the second text message sent by the defendant on January 5, 2021, see Government's Motion in Limine to Admit Evidence under Federal Rule of Evidence 404(b) ("Gov't's 404(b) Mot.") at 6; (2) the third text

message sent by the defendant on January 5, 2021, see id. at 6–7; (3) the text messages sent by the defendant from January 3, 2022, to January 6, 2022, about "the upcoming rally in Washington, D.C.[,] on January 6, 2021[;]" "the logistics of traveling to Washington, D.C.[;]" and the defendant's and "Lyon's plans, whereabouts, intent, and conduct on that day[,]" id. at 8. The motion is **HELD IN ABEYANCE** as to the admissibility of (1) the evidence related to the defendant's prior arrest for criminal trespassing under Ohio state law; (2) the text message sent by the defendant on December 27, 2020, see id. at 4–5; (3) the text message sent by the defendant on December 30, 2020, see id. at 5; and (4) (3) the text messages sent by Robert Lyon and the defendant's wife from January 3, 2022, to January 6, 2022, about "the upcoming rally in Washington, D.C.[,] on January 6, 2021[;]" "the logistics of traveling to Washington, D.C.[;]" and the defendant's and "Lyon's plans, whereabouts, intent, and conduct on that day[,]" id. at 8.[1] The motion is **DENIED** in all other respects.  It is further

**ORDERED** that, on or before April 1, 2022, the parties shall file submissions regarding whether the text messages sent by Robert Lyon and the defendant's wife from January 3, 2022, to January 6, 2022, about "the upcoming rally in Washington, D.C.[,] on January 6, 2021[;]" "the logistics of traveling to Washington, D.C.[;]" and the defendant's and "Lyon's plans, whereabouts, intent, and conduct on that day[,]" id. at 8, are inadmissible hearsay.  It is further

**ORDERED** that the testimony of the putative witnesses referred to in the Defendant's Motion to Appoint U.S. Marshals Service as Process Server ("the defendant's process server motion"), ECF No. 44, is inadmissible in support of either of the first two versions of the public authority defense as described by the defendant in his Brief in Support of Testimony of Donald J.

---

[1] Although the Court indicated at the March 23, 2022 hearing that all of the text messages sent from January 3, 2021, to January 6, 2021, were admissible, it subsequently identified a potential hearsay issue regarding the text messages sent by Lyon and the defendant's wife.  Accordingly, it will solicit submissions from the parties regarding this previously unbriefed issue and will resolve the issue at the April 6, 2022 pre-trial conference.

Trump, et al., ECF No. 53.  It is further

      **ORDERED** that the actual statements of the putative witnesses referred to in the defendant's process server motion are admissible (1) to the extent that the defendant can establish that he heard them prior to the acts that he is alleged to have committed and (2) for the sole purpose of attempting to show that he did not have the requisite intent to commit the crimes he has been charged with committing.  It is further

      **ORDERED** that the in-person testimony of the putative witnesses is inadmissible under Federal Rule of Evidence 403 because the probative value of such testimony is substantially outweighed by the danger of confusing the issues and misleading the jury.  The only relevant testimony by the speakers would be the actual statements heard by the defendant prior to the acts that he is alleged to have committed.  Testimony about an orchestrated or behind-the-scenes effort to cause former President Trump's supporters to commit the acts that occurred at the United States Capitol on January 6, 2021, as alleged by defense counsel, is irrelevant as it has no relevance to the public statements that the defendant actually heard.  Moreover, the probative value of the proposed in-court testimony about such public statements is lacking, given the duration of time since these statements were made and the improbability that the witnesses will be able to precisely mimic the text, tone, demeanor, and mannerisms originally used when the statements were made, all of which are necessarily relevant to the statements' impact on the defendant's intent.  Accordingly, in light of the irrelevance of the alleged desire on the part of the speakers to incite the defendant to commit the crimes charged in this case and the substantial potential that their testimony will mislead and confuse the jury, it is therefore inadmissible under Rule 403.  Furthermore, the recordings of what the defendant heard at the time the statements were made is the best evidence of the impact that the statements allegedly had on the defendant's

intent. For this reason also, the in-court testimony of the speakers is inadmissible.[2]

**SO ORDERED** this 24th day of March, 2022.

_/s/ Reggie B. Walton_
REGGIE B. WALTON
United States District Court Judge

---

[2] It is inconceivable that any of the speakers will testify that they intended for the people they were addressing to commit the acts that the defendant is accused of committing, in no small part because doing so could result in criminal charges being lodged against them. Thus, it is highly likely that they would either assert their Fifth Amendment privilege not to incriminate themselves or deny that they intended to incite the crowd to commit the acts that occurred at the Capitol on January 6, 2021. However, even if the speakers were to so testify, such testimony would open the door for the government to cross-examine the speakers about their intent in making the alleged statements. This would inevitably lead to a mini-trial on the issue of the intent of the speakers in making their statements, which, as the Court concludes above, is utterly irrelevant to the impact of the statements on the defendant's intent. This reality is further reason not to permit the speakers to testify at the defendant's trial.