# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal Action No. 21-161-1 (RBW) |
| DUSTIN BYRON THOMPSON, | ) |
| Defendant. | ) |

**FILED**

APR 14 2022

Clerk, U.S. District and
Bankruptcy Courts

## FINAL JURY INSTRUCTIONS

FUNCTION OF THE COURT ........................................................................... 4

FUNCTION OF THE JURY ............................................................................. 5

FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS ................. 6

FUNCTION OF THE JURY ............................................................................. 7

JURY'S RECOLLECTION CONTROLS ........................................................... 8

EVIDENCE IN THE CASE ............................................................................. 9

DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................. 10

NUMBER OF WITNESSES ........................................................................... 11

LIMITING INSTRUCTION: STATEMENTS OF OTHERS ............................... 12

INDICTMENT NOT EVIDENCE ................................................................... 13

STATEMENTS OF COUNSEL ...................................................................... 14

INADMISSIBLE AND STRICKEN EVIDENCE ............................................. 15

REDACTED DOCUMENTS AND TAPES ...................................................... 16

BURDEN OF PROOF ................................................................................... 17

REASONABLE DOUBT ................................................................................ 18

CREDIBILITY OF WITNESSES ................................................................... 19

POLICE OR LAW ENFORCEMENT OFFICER'S TESTIMONY ....................... 21

CONSIDER ONLY CRIME CHARGED ......................................................... 22

NATURE OF CHARGES NOT TO BE CONSIDERED ..................................... 23

MULTIPLE COUNTS – ONE DEFENDANT .................................................. 24

COUNT ONE - OBSTRUCTION OR ATTEMPT TO OBSTRUCT AN OFFICIAL
PROCEEDING .............................................................................................. 25

Judge Reggie B. Walton
April 14, 2022

ELEMENTS ................................................................................................. 25

"OFFICIAL PROCEEDING" ....................................................................... 26

"CORRUPTLY" ........................................................................................... 27

ATTEMPT .................................................................................................. 28

COUNT TWO - THEFT OF UNITED STATES GOVERNMENT PROPERTY IN
VIOLATION OF 18 U.S.C. § 641 ................................................................. 29

ELEMENTS ................................................................................................. 29

COUNT THREE - ENTERING OR REMAINING IN A RESTRICTED BUILDING OR
GROUNDS IN VIOLATION OF 18 U.S.C. § 1752(A)(1) ............................... 30

ELEMENTS ................................................................................................. 30

"RESTRICTED BUILDING OR GROUNDS" ................................................ 31

"KNOWINGLY" .......................................................................................... 32

COUNT FOUR - DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED
BUILDING OR GROUNDS IN VIOLATION OF 18 U.S.C. § 1752(A)(2) .......... 33

ELEMENTS ................................................................................................. 33

"DISORDERLY OR DISRUPTIVE CONDUCT" ........................................... 34

"KNOWINGLY" .......................................................................................... 35

COUNT FIVE - DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING,
IN VIOLATION OF 40 U.S.C. § 5104(E)(2)(D) ............................................ 36

ELEMENTS ................................................................................................. 36

"WILLFULLY AND KNOWINGLY" ........................................................... 37

"ORDERLY CONDUCT OF A SESSION OF CONGRESS" .......................... 38

COUNT SIX - PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL
BUILDING, IN VIOLATION OF 40 U.S.C. § 5104(E)(2)(G) ......................... 39

ELEMENTS ................................................................................................. 39

"WILLFULLY AND KNOWINGLY" ........................................................... 40

PROOF OF STATE OF MIND ........................................................................ 41

UNANIMITY—GENERAL ........................................................................... 42

POSSIBLE PUNISHMENT NOT RELEVANT ................................................ 43

VERDICT FORM EXPLANATION ................................................................. 44

EXHIBITS DURING DELIBERATIONS ......................................................... 45

NOTETAKING BY JURORS (FINAL) ............................................................ 46

CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH
................................................................................................................. 47

COMMUNICATION BETWEEN COURT AND JURY DURING JURY'S
DELIBERATIONS ................................................................................................ 48

EXCUSING ALTERNATE JURORS ................................................................................ 49

## FUNCTION OF THE COURT

My function as the judge is to conduct the trial of the case in an orderly, fair, and efficient manner.  As the judge, I also had to rule upon questions of law arising during the trial, and must now tell you the law that applies to this case.

It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions.  In other words, even if you disagree or do not understand the reasons for any of the instructions, you must nonetheless follow them.

## FUNCTION OF THE JURY

Your function as jurors is to decide the facts.  You are the only judges of the facts.  You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear, or favoritism.

## FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy and a tape of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return the instructions to me when your verdict is rendered.

## FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, political association or beliefs, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done during the trial or during my legal instructions as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## JURY'S RECOLLECTION CONTROLS

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, states that he or she has actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen after waking up would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## LIMITING INSTRUCTION: STATEMENTS OF OTHERS

You have heard evidence regarding statements made by former President Donald Trump and Rudolph Giuliani on January 6, 2021. This evidence has been admitted for a limited purpose, and that is its potential impact on the intent required to establish the defendant's guilt on the offenses he is charged with committing in this case, if you conclude that the defendant heard those statements. You are not to consider that evidence for any other purpose. Neither former President Donald Trump nor Rudolph Giuliani actually had the power to authorize or make legal the alleged crimes charged in this case.  Again, the evidence regarding their statements may only be used in your assessment as to whether the defendant had the required intent to commit the crimes for which he has been charged.

## <u>INDICTMENT NOT EVIDENCE</u>

The Superseding Indictment is merely the formal way of accusing a person of a crime. You must not consider the Superseding Indictment as evidence of any kind—you may not consider it as any evidence of Dustin Thompson's guilt or draw any inference of guilt from it.

### STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

## INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## REDACTED DOCUMENTS AND TAPES

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

## BURDEN OF PROOF

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Dustin Thompson to prove his/her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Dustin Thompson is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Dustin Thompson not guilty of that offense.

## REASONABLE DOUBT

The government has the burden of proving Dustin Thompson guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified during this trial.

You are the sole judges of the credibility or believability of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility or believability means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility or believability of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections or expressed memory of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.

You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## POLICE OR LAW ENFORCEMENT OFFICER'S TESTIMONY

A police or law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police or law enforcement officer.

## CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the Superseding Indictment.

It is not up to you to decide whether anyone other than the defendant should be prosecuted for any of the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge. The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

## NATURE OF CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of the charges to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## MULTIPLE COUNTS – ONE DEFENDANT

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

## COUNT ONE - OBSTRUCTION OR ATTEMPT TO OBSTRUCT AN OFFICIAL PROCEEDING

### ELEMENTS

Count One of the Superseding Indictment charges Dustin Thompson with corruptly obstructing an official proceeding, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede any official proceeding, and

Second, the defendant acted corruptly.

If you find that the government has proved beyond a reasonable doubt all of the elements of this charge, as I have just instructed you, the defendant's motive in acting is not relevant.

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

## "OFFICIAL PROCEEDING"

The term "official proceeding" includes a proceeding before the United States Congress. As used in Count One of the Superseding Indictment, the term "official proceeding" means Congress's Joint Session to certify the Presidential Electoral College vote.

An official proceeding need not be actually pending or about to be instituted at the time of the offense. If the official proceeding was not actually pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant and that the natural and probable effect of the defendant's conduct was to obstruct the official proceeding.

## "CORRUPTLY"

"Corruptly" means to act knowingly, with intent to obstruct or impede an official proceeding, and with consciousness of the wrongdoing of the act. To act corruptly, the defendant must use unlawful means or act with an unlawful purpose, or both. "Consciousness of wrongdoing" means an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding amount to acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he is not acting corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

## ATTEMPT

In Count One of the Superseding Indictment, Dustin Thompson is also charged with attempt to commit the crime of obstructing an official proceeding. The elements of the crime of attempted obstruction of an official proceeding, each of which the government must prove beyond a reasonable doubt, are:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have just defined that offense; and

Second, that the defendant engaged in conduct that constituted a substantial step toward committing obstruction of an official proceeding, as I have just defined that offense.

You may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the actual commission of the crime.

## COUNT TWO - THEFT OF UNITED STATES GOVERNMENT PROPERTY IN VIOLATION OF 18 U.S.C. § 641

### ELEMENTS

Count Two of the Superseding Indictment charges Dustin Thompson with theft of United States government property, which is a violation of federal law.  The elements of the crime of theft of United States government property, each of which the government must prove beyond a reasonable doubt, are:

First, that the defendant took a coat rack;

Second, that the coat rack belonged to the United States government at the time it was taken; and

Third, that when the defendant took the coat rack he intended to deprive, without right, the United States government of the use or benefit of the coat rack.

## COUNT THREE - ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS IN VIOLATION OF 18 U.S.C. § 1752(A)(1)

### ELEMENTS

Count Three of the Superseding Indictment charges Dustin Thompson with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so, and

Second, that the defendant did so knowingly.

## "RESTRICTED BUILDING OR GROUNDS"

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

## "KNOWINGLY"

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence presented during this trial, including what, if anything, the defendant did or said.

## COUNT FOUR - DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS IN VIOLATION OF 18 U.S.C. § 1752(A)(2)

### ELEMENTS

Count Four of the Superseding Indictment charges Dustin Thompson with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct;

Second, that the defendant did so knowingly and with intent to impede or disrupt the orderly conduct of Government business or official functions;

Third, that the defendant's conduct was in a restricted building or grounds; and

Fourth, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

## "DISORDERLY OR DISRUPTIVE CONDUCT"

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by pushing, shoving, or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

## "KNOWINGLY"

The definition of "knowingly" that I previously provided to you equally applies to this offense.

## COUNT FIVE - DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING, IN VIOLATION OF 40 U.S.C. § 5104(E)(2)(D)

### ELEMENTS

Count Five of the Superseding Indictment charges Dustin Thompson with disorderly or disruptive conduct in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant was inside the United States Capitol Building;

Second, that the defendant uttered loud, threatening, or abusive language, or engaged in disorderly or disruptive conduct;

Third, that the defendant acted with the intent to impede, disrupt, or disturb the orderly conduct of a session of the United States Congress or either House of the United States Congress. The two houses of the United States Congress are the United States Senate and the United States House of Representatives; and

Fourth, that the defendant acted willfully and knowingly.

The government is not required to prove that the defendant actually impeded, disrupted, or disturbed the orderly conduct of a session, only that he intended to do so.

## "WILLFULLY AND KNOWINGLY"

A defendant acts "willfully" if he knew his conduct was unlawful and he intended to do something that the law forbids. In other words, to find that defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

The definition of "knowingly" that I previously provided to you equally applies to this offense.

## <u>"ORDERLY CONDUCT OF A SESSION OF CONGRESS"</u>

You are also instructed that, for purposes of Count Five of the Superseding Indictment, "the orderly conduct of a session of the United States Congress or either House of the United States Congress" includes all of the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.

## COUNT SIX - PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING, IN VIOLATION OF 40 U.S.C. § 5104(E)(2)(G)

### ELEMENTS

Count Six of the Superseding Indictment charges Dustin Thompson with parading, demonstrating, or picketing in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, that the defendant was inside the United States Capitol Building;

Second, that the defendant paraded, demonstrated, or picketed; and

Third, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" have the ordinary meanings of what amounts to parading and picketing. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

## "WILLFULLY AND KNOWINGLY"

The definitions of "willfully" and "knowingly" that I previously provided to you equally apply to this offense.

## PROOF OF STATE OF MIND

Someone's intent, knowledge, or willfulness ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent, knowledge, or willfulness from the surrounding circumstances. You may consider any statement made or acts done or omitted by Mr. Thompson, and all other facts and circumstances received in evidence which indicate his intent, knowledge, or willfulness.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Dustin Thompson acted with the necessary state of mind.

## UNANIMITY—GENERAL

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence, except for the tape recordings. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdicts.

If you wish to view the tape records, please notify the clerk by a written note and we will bring you into the courtroom to view the recordings.

## NOTETAKING BY JURORS (FINAL)

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks wish you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## COMMUNICATION BETWEEN COURT AND JURY DURING JURY'S

## DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate juror. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. However, one of the jurors had to be excused because of illness, so the first alternate will be substituted for that juror. Since the rest of you have remained healthy and attentive, I can now excuse the juror in seat fourteen, who was the second alternate.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.