**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-CR-161 (RBW)** |
| **DUSTIN BYRON THOMPSON,** | |
| **Defendant.** | |

**GOVERNMENT'S NOTICE RELATED TO PUBLIC RELEASE**
**OF TRIAL EXHIBITS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its position as to the Application for Access to Trial Exhibits by Press Coalition, Dkt. 90, per the Court's April 20, 2022 Minute Order. Pursuant to the procedure outlined in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*, Case No. 21-mc-87, the government agrees that the trial exhibits admitted into evidence during the trial in this matter can be released. However, certain admitted exhibits—specifically including at least Exhibits 30 and 100—contain unredacted personal identifying information.  That information had evidentiary value at trial to identify the individuals to whom the records related, but there is otherwise no need for public access to that personal identifying information.   Therefore, the government would propose that it be permitted to submit redacted versions of those exhibits (and any others it identifies with the defendant's or others' personal identifying information), redacting only any personal identifying information such as phone numbers, addresses, or email addresses, to the Press Coalition, should the Court order such relief.

1

The D.C. Circuit has consistently employed the six-factor "Hubbard test"[1] when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of exhibits admitted into evidence during trial involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits. Therefore, the government does not object to their disclosure, subject to the caveat above about redacting personal identifying information.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     /s/ Jennifer M. Rozzoni
        Jennifer M. Rozzoni
        NM Bar No. 14703
        Assistant United States Attorneys
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (505) 350-6818
        Jennifer.Rozzoni@usdoj.gov

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).