UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No: 21-CR-161 RBW |
| : | |
| DUSTIN THOMPSON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE SENTENCING**

The United States of America, by and through undersigned counsel, files this opposition to defendant Dustin Thompson's second motion to continue the sentencing in this matter. The reasons Thompson cites as to why he cannot proceed with the sentencing on Friday are unpersuasive.

Thompson first cites the disclosure of the final PSR on Friday, September 16. Dkt. 121 at 1. But the draft PSR was disclosed to the parties on June 16, 2022, three months ago. The final PSR contains just one significant change from either the overall offense level or guidelines range proposed in the draft PSR: the addition of the two-level U.S.S.G. § 3C1.1 enhancement after the Probation Office received information from the government about Mr. Thompson's testimony at trial. That addition could hardly be a surprise. On August 9, 2022, the government copied defense counsel on its detailed, 11-page, single-spaced letter to Probation discussing, *inter alia*, the 3C1.1 enhancement. That letter cited the same four portions of Thompson's testimony that the government cited in its sentencing memorandum, and made essentially the same points about that testimony's materiality and falsity.

Nor is there anything surprising in the government's sentencing memorandum. Much of the guidelines discussion in that memorandum, and almost all of the facts, were

adopted or copied verbatim from either the draft PSR and trial stipulations or from the government's August 9, 2022 letter.  At least with respect to the guidelines discussion, only the government's short response to Thompson's request for acceptance of responsibility could, in the government's view, qualify as significantly new in the memorandum.

Thompson next cites the government's sentencing memorandum's 102 pages of exhibits.  Dkt. 121 at 1.  But the first 75 pages are excerpts from the trial transcripts. Thompson has had those transcripts since mid-July, when the government obtained and produced them.  The first continuance of the sentencing in this matter was granted so that defense counsel could review these trial transcripts.[1]  The next 23 pages of exhibits are trial exhibits that were, with one exception, stipulated to by Thompson at trial.  The last 4 pages are letters regarding a loss amount that the government doubts is in dispute.

The only other new fact cited by Thompson in the motion is that the government's memorandum compares Thompson to other sentenced Capitol Riot defendants, including Anthony Williams, whose sentencing occurred on Friday, September 16, 2022. Dkt. 121 at 2.  The parties' detailed sentencing memoranda in that case are on the public docket, as is the judgment reflecting the sentence imposed.  *See United States v. Williams*, 21-cr-377-BAH (D.D.C.).  In the government's view, that is sufficient information on which to proceed.  Were the Court obligated to continue this sentencing while awaiting the sentencing transcript of any other recently sentenced, comparable Capitol Riot defendant, Thompson's sentencing likely could not go forward for quite some time.

If the Court is inclined to grant the continuance, the government would respectfully join in the defense's request for a new date of November 17 or 18, 2022, as undersigned

---

[1] By the government's count, 61 of the 75 transcript pages were cited by the government, almost always for the same proposition, in its August 9, 2022 letter.

counsel (who was trial counsel) will be in Washington, D.C. on those dates to prepare for another pending trial in this district.

>Respectfully submitted,
>
>MATTHEW M. GRAVES
>United States Attorney
>D.C. Bar No. 481052
>
>*/s/ William Dreher*
>WILLIAM DREHER
>D.C. Bar No. 1033828
>Assistant United States Attorney (Detailed)
>700 Stewart Street, Suite 5220
>Seattle, WA 98101
>(206) 553-4579
>william.dreher@usdoj.gov